UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA McGEE,

    Plaintiff,

v.                                          Case No. 8:19-cv-01561-TPB-JSS

BOSTON SCIENTIFIC CORPORATION,

    Defendant.
_____/

## ORDER GRANTING "DEFENDANT BOSTON SCIENTIFIC CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT"

This matter is before the Court on "Defendant Boston Scientific Corporation's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law," filed by counsel on July 24, 2019. (Doc. # 7). On August 7, 2019, Plaintiff Donna McGee responded in opposition to Defendant's motion to dismiss. (Doc. # 11). After reviewing the motions, court file, and the record, the Court finds as follows:

On June 27, 2019, Plaintiff filed suit against Boston Scientific Corporation for damages she allegedly sustained from the implantation her Obtryx Transobturator Mid-Urethral Sling System. (Doc. # 1). She brings seven claims for relief: (1) strict liability – failure to warn; (2) strict liability – manufacturing defect; (3) strict liability – design defect; (4) negligence; (5) fraud; (6) negligent misrepresentation; and (7) fraud by concealment. Boston Scientific argues that Plaintiff's complaint is a shotgun pleading that warrants dismissal, and that several of Plaintiff's causes of action are barred by Florida law or inadequately pled. (Doc. #7). In her response in opposition, Plaintiff requests that the Court allow her to amend her complaint, should it find her pleadings deficient. (Doc. # 11).

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's complaint contains counts that reallege all prior claims before it, committing the "mortal sin" described in prong one of *Weiland*. 792 F.3d at 1322-23. More specifically, counts two through seven incorporate all preceding paragraphs, thereby incorporating prior claims. This constitutes a shotgun pleading.

Because it will be necessary for Plaintiff to file an amended complaint, the Court need not address Defendant's arguments that several of Plaintiff's causes of action are

barred by Florida law or inadequately pled. *See Shaffer v. Bank of N.Y. Mellon & Shellpoint LLC*, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017) ("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted.").

Consequently, the Court dismisses the complaint and directs Plaintiff to file an amended complaint correcting the aforementioned deficiencies within the timeframe specified below.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Boston Scientific Corporation's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law" (Doc. # 7) is hereby **GRANTED**.
2. Plaintiff's complaint (Doc. # 1) is hereby **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff is directed to file an amended complaint on or before November 7, 2019.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 24th day of October, 2019.

 

**TOM BARBER**
**UNITED STATES DISTRICT**
**JUDGE**